UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **VIRGIL SCHION, Individually and on behalf of All Others Similarly Situation,** *Plaintiffs,* | § § § § | |
| **v.** | § | **CIVIL ACTION NO. 7:20-CV-00291-DC** |
| | § | |
| **SOUTHERN CONNECTIONS & SERVICES, INC.** *Defendant.* | § § § § § | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT, AND DISMISS LAWSUIT WITH PREJUDICE

Plaintiff and Defendant (collectively, the "Parties") hereby file this Joint Motion to Approve Settlement Agreement and Dismiss Lawsuit with Prejudice and would respectfully show as follows:

### I. PROCEDURAL HISTORY

Plaintiff Virgil Schion ("Plaintiff") filed this lawsuit on October 27, 2020 [Doc 1] against Defendant Southern Connections & Services, Inc. ("Defendant"), alleging that he was denied overtime pay in violation of the Fair Labor Standards Act ("FLSA"). Defendant filed a Motion to Transfer Venue from the Northern District of Texas, Dallas Division, to the Western District of Texas, Midland/Odessa Division [Doc 7]. The Motion was granted by Order of the Court on December 29, 2020 [Doc 8].

Defendant filed its Original Answer to Plaintiff's Original Complaint on January 8, 2021 [Doc 10]. Thereafter, the court served its Order for Scheduling Recommendations on January 21, 2021 [Doc 12], with a Proposed Scheduling Order submitted by the parties on February 18, 2021

[Doc 13]. The Scheduling Order [Doc 14] setting this matter for trial on February 7, 2022 was issued by the Court on February 19, 2021.

The Parties engaged in informal settlement discussions and were able to come to an agreement with respect to this wage and hour case. *See* **Exhibit 1**.[1] The settlement was reached after weeks of litigation and without the necessity of the parties engaging in protracted discovery. Accordingly, the parties seek to have their settlement agreement approved and, therefore, dismiss this lawsuit with prejudice.

## II. ARGUMENT AND AUTHORITIES

**1. The Settlement is a Fair and Reasonable Resolution of a Bona Fide Dispute.**

   *i. A Bona Fide Dispute Existed Between the Parties.*

If Plaintiff's allegations were ultimately correct, Defendant would be faced with the prospect of a monetary judgment in favor of Plaintiff Virgil Schion as well as an obligation to pay litigation fees and costs incurred by Schion. If Defendant's arguments were correct, then Schion would not make a recovery or the recovery would be substantially less than what Schion sought. The Parties on both sides were represented by able counsel throughout this litigation. Each side had arguments in support of their legal position on issues such as whether Schion was properly exempt under the Fair Labor Standards Act ("FLSA"). Accordingly, the Court should readily conclude a bona fide dispute between the Parties existed under the FLSA.

   *ii. The Proposed Settlement is Fair and Reasonable.*

The precise terms of the Settlement Agreement are filed under seal with the Court. The settlement was the product of arm's length negotiations by experienced counsel and has the salutary effect of (1) providing relief to Schion, and (2) eliminating the inherent risks both sides

---

[1] Confidential Settlement Agreement.

would bear if this litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the gap between the Parties' settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The Settlement Agreement is also fair and reasonable because substantial obstacles exist if litigation continues and the settlement provides substantial and immediate relief. The Parties disagree about the merits of Schion's claims, the viability of Defendant's defenses, and the proper calculation of damages. Without settlement, the Parties would have engaged in extensive discovery, including depositions of key management witnesses, and litigated dispositive motions on the merits of the claims. Even if Schion had prevailed on the merits by summary judgment or trial, an appeal to the Fifth Circuit may have resulted. Under such a scenario, Schion would not see any monetary relief from this case, if any, until years from now. The Settlement Agreement brings immediate benefit to Schion.

Moreover, courts are mindful of "the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *San Antonio Hispanic Officers' Org., Inc. v. City of San Antonio,* 188 F.R.D. 433, 458 (1999). Courts also must compare the terms of the settlement with the rewards Schion would have been likely to receive following a successful trial. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). Continued litigation of these issues would almost certainly require extensive time, labor and resources, which are weighed against the risk that if this went to trial, Schion could recover nothing or far less than what is laid out in the Settlement

Agreement. Being able to establish damages at trial could prove to be quite challenging, in which case Schion would have forfeited his ability to collect now. *See In re Chicken Antitrust Litig. Am. Poultry*, 669 F. 2d 228, 239 (5th Cir. 1982) (inquiry into fairness "should contrast settlement rewards with likely rewards if the case goes to trial").

The FLSA allows for the payment of attorneys' fees to plaintiffs. 29 U.S.C. § 216(b). In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, No. Civ.A. 01-2680, 2004 WL 2149079, at *5 (E.D. La. 2004)). Also, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id*

The terms of the settlement have been approved by Schion, Schion's counsel, Defendant, and Defendant's counsel. Schion entered into the Settlement Agreement voluntarily and knowingly, and understands fully that he is relinquishing his claims in this matter in exchange for the agreed upon settlement. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

The Parties further agree that as a condition of settlement, the terms of the settlement will be kept confidential. *See, e.g., XPO Logistics, Inc. v. Leeway Glob. Logistics, LLC*, No. 2:15- CV-00703-CW, 2018 WL 400769, at *5 (D. Utah Jan. 12, 2018) (sealing settlement agreement and noting that "keeping the amount and the terms of the settlement confidential and out of the public record under these circumstances will not undermine the purposes of the FLSA," "[t]here is no per se rule against such confidentiality in the FLSA itself," and "denying a motion to seal may chill future settlement discussions."); *Saenz v. Erick Flowback Servs., LLC*, No. 5:14-cv- 00593, Dkt.

No. 121 (W.D. Okla. May 23, 2016) (granting joint motion for leave to file FLSA settlement under seal); *Lewis v. Bushwood Invs., LLC*, No. 13-2610-JAR-JPO, 2015 WL 1523895, at *3 (D. Kan. Apr. 3, 2015) (permitting the FLSA settlement agreement to be filed under seal); *Porter v. W. Side Rest., LLC*, No. 13-1112-JAR-KGG, Dkt. No. 122 (D. Kan. Feb. 18, 2015) (same); *Green v. Drake Beam Morin, Inc.*, No. 1:11-cv-01063, Dkt. No. 106 (D. Colo. Oct. 10, 2012) (granting joint motion for leave to restrict FLSA settlement agreement); *Darrow v. WKRP Management, LLC*, No. 1:09-cv-01613, Dkt. No. 200 (D. Colo. Sept. 6, 2012) (granting joint motion to file settlement agreement and supporting declarations under seal in FLSA class action); *Curiel v. The Garlic Knot Express, LLC,* No. 1:11-cv-00205, Dkt. No. 33 (D. Colo. Jul. 27, 2011) (granting joint motion to seal confidential settlement of FLSA claims). In the alternative, the Parties respectfully request that the Court allow it to redact the settlement amount and payment amounts from their settlement before it becomes part of the public record. *See, e.g., Cooper v. OFS 2 Deal 2, LLC*, No. 1:15-cv-01291, Dkt. Nos. 75, 77 (D. Colo. Mar. 10, 2016) (granting unopposed motion for leave to file FLSA settlement agreement under seal and ordering Defendant to file a redacted settlement agreement with the Court).

Accordingly, the Parties are filing the Settlement Agreement under seal as **Exhibit 1** hereto. The Parties jointly request that the Court keep the terms of the Settlement Agreement and the Settlement Agreement itself confidential, and the parties respectfully request that the Settlement Agreement not be included in the documents and papers publicly filed in this matter. Counsel for the Parties will make themselves available for a conference regarding the settlement at the Court's request. Given that a settlement was reached, the Parties ask that this lawsuit be dismissed with prejudice, each party to bear its own costs and fees.

## III. CONCLUSION

The Parties and their counsel agree that the Settlement Agreement is a reasonable compromise of the claims alleged by Plaintiff in light of the procedural posture of the case, the litigation risks, and the costs applicable to both parties. Because the Settlement Agreement is a reasonable compromise, the Parties seek entry of the enclosed Agreed Order of Approval. The parties further respectfully ask that this lawsuit be dismissed with prejudice.

        Respectfully submitted,

By: /s/ Melinda D. Hamm
   **Melinda D. Hamm**
   State Bar No. 24059924
   mhamm@cbtd.com
   **Matt Catalano**
   State Bar No. 24003918
   mcatalano@cbtd.com

   OF

   COTTON, BLEDSOE, TIGHE & DAWSON
   A Professional Corporation
   P. O. Box 2776
   Midland, Texas 79702
   (432) 684-5782
   (432) 682-3672 (Fax)

   **ATTORNEYS FOR DEFENDANT,**
   **SOUTHERN CONNECTIONS & SERVICE,**
   **INC.**

Respectfully submitted,

By: /s/ Melinda Arbuckle
**Melinda Arbuckle**
State Bar No. 24080773
marbuckle@eeoc.net

OF

SHELLIST LAZARZ SLOBIN, LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277
(713) 621-0993 (Fax)

**ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS**

## CERTIFICATE OF SERVICE

On May 5, 2021, I filed the foregoing document with the Clerk of Court for the United States District Court, Western District of Texas using the CM/ECF method. All counsel of record have been served with a true and correct copy of the foregoing document electronically.

s/Melinda Arbuckle
Melinda Arbuckle